## ROYAL INDEMNITY CO v ANDERSON

Ohio Appeals, 7th Dist, Mahoning Co
Decided Mar 13, 1931

William E. Pfau, Youngstown, for Indemnity Co.

Nicholson & Warnock, Youngstown, for Anderson.

**FARR, J.**

The important issue in this cause is raised by the Indemnity Company and is that Textoris was intoxicated at the time of the accident, and that therefore the Company is exempt from liability. Shortly after the accident occurred, Officer Kenney of the city of Campbell, came along, was still in uniform, and says that on the evening of August 10, 1928, he was on his way home when he saw a wreck and recognized Mrs. Anderson, whom he had known for some time; that Mrs. Anderson told him that Textoris, the driver of the rented car, was drunk. He says that he saw the driver staggering around, that he asked him a few questions, decided that he was drunk and then took him to the police station and called a doctor. Dr. Shirk was the examining physician and says that he is forty-nine years of age and has been a practicioner of medicine since 1903, with an office in the city of Campbell; that he examined the records of the police department of that city on the above date, and that he also examined Paul Textoris at the time, and that he found him under the influence of liquor. Anthony Simbedia was called. He is the clerk of the City of Campbell and had with him the criminal docket

from the mayor's court of that city, of which a certified copy of a part thereof was introduced in evidence as Defendant's exhibit 2. It discloses the affidavit and record of Paul Textoris and that he plead guilty in open court to operating a motor vehicle while in a state of intoxication. Mrs. Billett was also called as a witness and says that she does not think that Textoris was under the influence of liquor because he argued so much, altho she says that she did not talk to him. Michael Billett, the husband, was called and at page 62 of the Record he testifies that Textoris was drunk and gives the reasons for his belief. Therefore, there was before the court, below, and the jury, the testimony of the arresting officer, the examining doctor, the admitted record of the plea of guilty by Textoris to driving an automobile while intoxicated, and of Michael Billett, and which establishes rather conclusively that Textoris was drunk upon this occasion.

Next, it is insisted that even though he were intoxicated that the insurance policy is ambiguous as to its terms relating to such intoxication, and must be construed in this respect. However, it is clear from the above paragraph that there is no ambiguity requiring a construction of the terms of the policy, because if the construction be adopted which is contended for by the defendant in error and as involving a subsequent paragraph, it would simply be to destroy the effect of the provision above set out. The policy in the instant case provides that the insurance shall cover the automobile, but at the same time provides that it does not insure damages resulting from the operation of the automobile while in the hands of or being driven by one under the influence of intoxicants.

There is, therefore, no necessity for a construction in the instant case. A policy of insurance may include any contract which does not violate the law and therefore could very properly provide that a policy should not be effective while a car would be operated by a person under the influence of intoxicating ilquor, and, as observed in Vol. 6 Couch Cyc. of Insurance Law, 1266-1273. Thus any provision, as before stated, that does not violate the law may become a part of a contract of insurance.

In the case of **Rohlf v Indemnity Company, 27 Oh Ap, 208**, the court held that the liability assumed by the insurance company was limited by terms of the indemnity policy, and that one injured by the insured had no greater rights against the insurer than the insured himself had. It is urged, however, that in view of the fact that the

Insurance Company settled the claims of Mr. and Mrs. Billett and their children, that it was estopped to set up its defense to the claim of Betsy Anderson, because her injuries arose out of the same accident, but scarcely so for numerous reasons; for instance, Billett may have been willing to adjust their claims on a basis satisfactory to the company, and Mrs. Anderson not. Why should the company not have the right. Surely it is not the rule in Ohio that it would not. The cases cited do not deny such right.

Under all the circumstances of this case it is clear that if the provision in the policy intended to protect the Indemnity Company against drunken drivers has any virtue or is of any effect, it certainly would apply in the instant case. Therefore, the conclusion is that the verdict and judgment in the instant case are against the weight and contrary to the evidence, and for the reasons given the judgment is reversed.

ROBERTS and POLLOCK, JJ, concur.